IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KELLY P. ANDREWS,<br><br>Plaintiff,<br><br>v.<br><br>JASON SPENCER ET AL.,<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:18-cv-00809-CW-CMR<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(B) by Judge Waddoups. After careful review of the pleadings and filings, and pursuant to Local Rule 3-2(c), the undersigned recommends that the court dismiss the complaint as frivolous and failing to state a claim upon which relief may be granted.[1]

I. BACKGROUND

On July 12, 2019, the court issued an order directing Plaintiff to file an amended complaint setting forth proper claims (Order to Amend) (ECF 13). On July 31, 2019, Plaintiff was granted an extension of time to file her amended complaint until and including September 12, 2019 (ECF 15). On September 16, 2019, four days late, Plaintiff filed an Amended Complaint against Adrian Day, Jason Spencer, Tooele City Police Department, and Ryan Warner ("Amended Complaint") (ECF 17). After reviewing the Amended Complaint, the court finds

---

[1] Because Plaintiff is acting pro se, the Court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff again fails to state a claim for which relief could be granted and the Amended Complaint should therefore be dismissed under 28 U.S.C. 1915(e)(2)(B)(ii).

## II.   DISCUSSION

Section 1915(e) provides that the court "shall dismiss the case at any time if the court determines" that the action "is frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court previously found that Plaintiff failed to provide enough well-pleaded factual allegations to establish a section 1983 claim and that the original complaint failed to allege any facts demonstrating that Defendants violated any right to which this court has jurisdiction (ECF 13).  Even so, the court granted Plaintiff the opportunity to cure the deficiencies in the complaint before dismissing the claims and Plaintiff attempted to do so.

While the Amended Complaint does cite to case law and authority regarding the legal pleading standards, it fails to state a proper federal civil cause of action.  A majority of the rules Plaintiff cites to are the Federal Rules of Criminal Procedure, not a federal constitutional right.  As previously discussed in the Order to Amend, although Plaintiff does have a constitutional right to due process, Plaintiff's Amended Complaint still fails to demonstrate that he has a federally protected right to inspect or seek the return of his property.

Furthermore, while Plaintiff did attach a number of letters and documentation of his attempts to collect his property at the state level, nothing in the Amended Complaint affirmatively alleges or demonstrates that Plaintiff filed the appropriate motion in the appropriate forum for return of his property.  Therefore, Plaintiff has still failed to make any "persuasive

argument as to why he cannot use available state processes to obtain the return of, or compensation for, property that was seized by the state, retained in the physical custody of the state, and allegedly lost or improperly disposed of by the state." *See United States v. Bacon*, 900 F.3d 1234, 1239 (10th Cir. 2018) (district court did not abuse its discretion in denying plaintiff's Rule 41(g) motion when plaintiff presented no arguments as to why he could not use available state processes to obtain the return of property that was sized by the state).   Because the Amended Complaint fails to establish a deprivation of a federal constitutional right, the Amended Complaint fails to state a claim for which relief can be granted based on legal and factual shortcomings.

## RECOMMENDATION

The undersigned RECOMMENDS this case be DISMISSED under 28 U.S.C. 1915(e)(2)(B)(ii).

Copies of the foregoing report and recommendation shall be mailed to all parties who are hereby notified of their right to object.  Any objection must be filed within fourteen (14) days after being served with a copy as required under Federal Rule of Civil Procedure 72(b)(2).  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 17 March 2020.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

3