IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KELLY P. ANDREWS,<br><br>                      Plaintiff,<br><br>v.<br><br>JASON SPENCER, Detective, RYAN WARNER, Detective, ADRIAN DAY, Captain, and TOOELE CITY POLICE DEPARTMENT,<br><br>                      Defendants. | **MEMORANDUM DECISION RE: REPORT AND RECOMMENDATION**<br><br>Case No. 2:18-cv-809<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Cecilia M. Romero |

## INTRODUCTION

This case was assigned to United States District Judge Clark Waddoups, who then referred it to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF No. 9). On March 17, 2020, the Magistrate issued a Report and Recommendation that recommends dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Report states Plaintiff Kelly P. Andrews has failed "to establish a deprivation of a federal constitutional right" and thus, "fails to state a claim for which relief can be granted based on legal and factual shortcomings." Rpt. & Recommend., at 3 (ECF No. 20). The Report further notes Mr. Andrews has failed to follow proper State procedures for the return of his property. For the reasons stated below, the court adopts in part and declines to adopt in part the report and recommendation.

## FACTUAL BACKGROUND

On April 12, 2017, Detective Jason Spencer of Tooele City Police obtained a search

1

warrant to search a small recreational vehicle for illegal narcotics, drug paraphernalia, and money associated with illegal narcotics. Affidavit for Search Warrant, at 4 (ECF No. 17-3). He had received information that Plaintiff Kelly P. Andrews resided in the RV and was selling methamphetamine from it. *Id.* at 5. During the search, Detective Spencer found heroin, drug paraphernalia, and a handgun. Return of Search Warrant, at 10 (ECF No. 17-3). These items were deemed to be Andrews. The RV itself "was listed as stolen and impounded to a local tow yard." Letter, at 8 (ECF 17-2).

Based on an inventory list, it appears Detective Spencer seized all other items in the RV including clothing, jewelry, carpenter tools, generators, electronics, and so forth (the "Seized Property").[1] *See* Inventory List, at 2–9 (ECF No. 17-4). No charges, however, were filed against Andrews for the Seized Property. *See* Original Complaint, at 3 (ECF No. 6) (contending Seized Property was not "found incriminating" and should be returned). Since 2018, Andrews has been seeking the return of the Seized Property. Although Andrews had lived in the RV, on August 9, 2018, Captain Adrian Day informed Andrews he had to "provide proof of ownership or obtain a court order to claim" the property seized from the RV. Letter, at 8 (ECF No. 17-2). Captain Day further informed Andrews he had ninety days to show proof of ownership or the property would be disposed of in accordance with Tooele City's policy. *Id.*

On October 17, 2018, Andrews sought leave to file this action in forma pauperis. Motion for Leave (ECF No. 1). The motion was granted on November 6, 2018 and Andrews' Complaint was filed the same day. The following year, on August 20, 2019, Andrews attempted to file a

---

[1] According to the Inventory List, the estimated value of the Seized Property was $73,184.00. Inventory List, at 9 (ECF No. 17-4).

2

Motion re Decision for Inspection, Return of Property in the Third Judicial District at court locations in West Jordan and Tooele. Motions for Inspection and Return of Property, at 14–17 (ECF No. 17-2). West Jordan rejected the motion on the basis that it should have been filed in Tooele and it was unclear to which case the motion pertained. *See* Letter & Motion Stamp, at 18–20 (ECF No. 17-2). It does not appear Tooele addressed the motion Andrews attempted to file in that court. Andrews also has sent letters to the Mayor of Tooele City and to his criminal defense attorneys seeking to "retrieve my personal belongings" and to pursue "the taking of my property." *See e.g.*, Letters, at 21, 24 (ECF No. 17-2).

On March 17, 2020, the Magistrate issued a Report and Recommendation. The Report states the Amended Complaint "fails to demonstrate that [Andrews] has a federally protected right to inspect or seek the return of his property." Rpt. & Recommend., at 2 (ECF No. 20). It further reports Andrew has failed to show why he cannot use available state processes to retrieve his property. *Id.* at 3. Accordingly, the Report recommends that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Andrews did not file an Objection.

## ANALYSIS

I.     **STANDARD OF REVIEW**

    A.     **Clear Error Review**

As stated above, Andrews did not file an Objection to the Magistrate's Report and Recommendation. "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. Fed. R. Civ. P. 72(b) advisory committee note (1983) (citing *Campbell v. United States Dist. Court,* 501 F.2d 196, 206 (9th Cir.1974), cert. denied, 419 U.S. 879). Accordingly, the court reviews the Report for

clear error rather than *de novo*. Under the clear error standard, this court may decline to adopt the report and recommendation when there is a lack of "factual support in the record or if, after reviewing all the evidence," the court has "a definite and firm conviction that the district court erred." *Middleton v. Stephenson*, 749 F.3d 1197, 1201 (10th Cir. 2014) (citation omitted).

### B. Pro Se Litigant

Andrews is a pro se litigant. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted). "We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* Documents attached to a complaint are "considered part of the complaint" when the court determines if a plaintiff has stated a proper claim. *Id.* at 1112 (citing Fed. R. Civ. P. 10(c) (stating "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes")) (other citations omitted). A court, however, must not "assume the role of advocate for the pro se litigant" when making such a determination. *Id.* at 1110.

## II. FAILURE TO STATE A CLAIM

Andrews' initial Complaint asserted the following claims: (1) "[i]llegal search and seizure failure to due process of law;" and (2) "absent property." Complaint, at 5–6 (ECF No. 6). His Amended Complaint appears to be a continuation of the original Complaint, *see* Amended Complaint, at 2–3 (ECF No. 17-3), and contains multiple attached exhibits. The court considers the exhibits together with the claims to determine if Andrews has asserted a proper claim.

### A. Search and Seizure

Andrews contends the Affidavit for Search Warrant lacked probable cause and was deficient because there is no record of an interview between the affiant and the judge who issued the warrant. Complaint, at 5 (ECF No. 6); Amended Complaint—Arguments Ex., at 2–3 (ECF No. 17-3). Detective Spencer submitted an affidavit under criminal penalty of perjury when seeking the relevant search warrant. The affidavit states Andrews was found on property in Tooele and arrested based on outstanding warrants for his arrest. Affidavit for Search Warrant, at 5 (ECF No. 17-3). Two vehicles on the property were reported stolen. *Id.* Additionally, Andrews' girlfriend confirmed that Andrews resided in an RV on the property, and she reported during an interview that Andrews sold methamphetamine daily from the RV. *Id.* Detective Spencer attested that each of these statements were true and correct when he sought the search warrant to search the RV for illegal narcotics, drug paraphernalia, and money derived from criminal activity. *Id.* at 4–5. Based on the face of the Affidavit, probable cause existed to obtain a search warrant. A recorded interview between Detective Spencer and the judge was not legally necessary to obtain the warrant.

Additionally, Utah law authorizes a peace officer to seize property if there is probable cause to believe the property "is proceeds of a crime" or "evidence of a crime" such as theft of property. Utah Code Ann. § 24-2-102(2)(c)(ii), (iv) (2020). The RV itself was reported stolen, illegal narcotics were founds on the premises, and jewelry, electronics, power tools, generators, and so forth were found in the RV. Detective Spencer had reasonable grounds to believe the Seized Property was proceeds of a crime or evidence of a crime. The court therefore concludes Andrews has failed to show the search and seizure were improper and dismisses this claim under Section

1915(e)(2)(B)(ii).

### B. Takings

Although Detective Spencer may have had authority to search the RV and seize the relevant property, retaining the property without filing criminal charges may give rise to a claim for deprivation of property rights via a takings. *State v. Davis*, 769 P.2d 840, 843 (Utah Ct. App. 1989) (stating "[t]he state may not retain legally seized evidence indefinitely without filing criminal charges before a *de facto* forfeiture occurs") (citations omitted); *Pinder v. Mitchell*, 658 F. App'x 451, 454, 456 (10th Cir. 2016) (analyzing indefinite seizure of firearms under property rights and takings provisions). Andrews has sought both to inventory the Seized Property and have it returned to him. The inventory of property is not a separate claim, but a function of the claim to have the property returned. When Andrews' Amended Complaint is read liberally, together with its attached exhibits, Andrews has asserted a claim for deprivation of property without due process of law in the form of a takings. Such a claim is cognizable under Section 1983. The court therefore declines to dismiss Andrews' property rights claim.

### III. STATE REMEMDIES

The Magistrate noted that even if Andrews had properly stated a claim for a constitutional violation, his § 1983 claim is not ripe because Andrews failed to show State remedies were not adequate. When a plaintiff asserts a § 1983 claim, "the general rule is that a plaintiff need not exhaust potential state-level remedies before seeking federal relief." *Pinder*, 658 F. App'x at 453 (citing *Zinermon v. Burch*, 494 U.S. 113, 124–25 (1990)). A claim based on procedural due process for deprivation of a property right, however, may require exhaustion. *Id.* (citations omitted). The court assumes, without deciding, that Andrews had to exhaust his State remedies

before filing his § 1983 action.

Utah has a Forfeiture and Disposition of Property Act. Utah Code Ann. §§ 24-1-101 *et seq*. Based on Captain Day's letter, it does not appear the Tooele City Police Department pursued formal forfeiture proceedings or that a prosecutor filed any criminal charges against Andrews with respect to the Seized Property. Thus, the retention of the Seized Property constitutes a "*de facto* forfeiture" and must be analyzed under Section 24-3-103 of the Utah Code. *See Davis*, 769 P.2d at 843 (citing prior version of statute as the relevant procedure for *de facto* forfeitures).

Section 24-3-103 provides for the return of property when it is not needed as evidence. The statute is civil in nature and "more analogous to the Uniform Unclaimed Property Act than to the various forfeiture statutes." *Davis*, 769 P.2d at 844 (citations omitted). When a person claims ownership of property held by an agency,[2] the person must establish ownership before the agency may release the property to the individual. Utah Code Ann. § 24-3-103(4)(a). A person may prove ownership by documentation or by a notarized statement if documentation is unavailable.[3] *Id.* § 24-3-103(4)(b). When property is seized from a person, the peace officer must inform the person

---

[2] "Agency" is defined as "any agency of municipal, county, or state government, including law enforcement agencies, law enforcement personnel, and multijurisdictional task forces." Utah Code Ann. § 24-1-102(3) (2020).

[3] The Act also specifies that a person may petition a "court for the return of the property" when the property is "held as evidence." *Id.* § 24-3-104(1)(a). There is no indication in Captain Day's letter that the Seized Property is being held as evidence. Thus, it does not appear that Section 24-3-104 is applicable in this situation. Even if it were applicable, Andrews attempted to file a motion in West Jordan and Tooele, without success. If a person's effort to pursue a remedy are thwarted by an official, exhaustion requirements take that into account. *See State Tax Comm'n v. Iverson*, 782 P.2d 519, 524 (Utah 1989) (noting exceptions exist to State exhaustion requirements "in unusual circumstances where it appears that there is a likelihood that some oppression or injustice is occurring such that it would be unconscionable not to review the alleged grievance").

"how to make a claim for the return of the property." *Id.* § 24-2-103(1)(c)(iii). This constitutes notice.

Here, Andrews has provided exhibits to show he has been pursuing the return of his property, through many avenues, without success. Whether he was provided notice of how to file a claim is unknown. Absent such information, the court cannot determine if State remedies were adequate and not thwarted. Accordingly, dismissal at this stage of the proceeding is improper. For these reasons, the court concludes Andrews' Amended Complaint is sufficient based on the present information before the court. The court therefore directs the Magistrate to Order Service of Process of the Amended Complaint.

## CONCLUSION

For the reasons stated above, the court ADOPTS the Report and Recommendation as it pertains to Andrews' search and seizure claim, and hereby dismisses that claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court DECLINES to adopt the Report and Recommendation as it pertains to Andrews' property ownership/takings claim. Thus, the court directs the Magistrate to Order Service of Process consistent with this court's decision.

DATED this 15th day of May, 2020.

BY THE COURT:

Clark Waddoups
United States District Judge