IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KELLY P. ANDREWS,<br><br>                Plaintiff,<br><br>v.<br><br>JASON SPENCER, Detective, RYAN WARNER, Detective, ADRIAN DAY, Captain, and TOOELE CITY POLICE DEPARTMENT,<br><br>                Defendants. | Case No. 2:18-cv-809<br><br>**MEMORANDUM DECISION AND ORDER**<br><br>Judge Clark Waddoups |

On July 8, 2020, the defendants filed a Motion for More Definite Statement. Plaintiff Kelly P. Andrews did not respond to the motion or take any further action in the case. Accordingly, on December 22, 2020, the court issued an Order to Show Cause why this case should not be dismissed for failure to prosecute. Order, at 1 (ECF No. 34).[1] Mr. Andrews responded to the Order on January 11, 2021, and asked for an extension to prosecute the case until after he is released from prison. The defendants filed an opposition and asserted prejudice arising from the delays in this matter.

Having reviewed the relevant proceedings and State remedies that Mr. Andrews has received, the court concludes Mr. Andrews does not have a claim under § 1983. The court further concludes it lacks subject-matter jurisdiction. Even if Mr. Andrews could state a claim under §

---

[1] When the court cites a page in the record, it refers to the ECF pagination at the top of the page and not to pagination at the bottom of the page.

1983 or this court had subject-matter jurisdiction, the balance of the *Ehrenhaus* factors weighs in favor of dismissal. Accordingly, the court dismisses this action without prejudice.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Andrews is a pro se litigant who is proceeding in forma pauperis. Pursuant to 28 U.S.C. § 1915(e), on July 15, 2019, a magistrate judge ordered Mr. Andrews to amend a deficient complaint he had filed. The magistrate judge concluded insufficient facts were alleged to support an unlawful search and seizure, and there was no "federally-protected right to inspect or seek the return of . . . property." Order to Amend Deficient Complaint, at 4 (ECF No. 13). The magistrate judge further noted Mr. Andrews had not made "any persuasive argument as to why he cannot use available state processes to obtain the return of, or compensation for, [seized] property." *Id.* (quotations and citation omitted). Accordingly, Mr. Andrews was ordered to amend his complaint. *Id.* at 5.

On September 16, 2019, Mr. Andrews filed a document that was deemed to be his "amended complaint." The document is titled "Motion to . . . Add Amended Complaint." *See* Motion, at 1 (ECF No. 17). The motion is in the form of a supplement to Mr. Andrews' original complaint and contains four exhibits. The first exhibit contains legal argument about the constitutional right to have seized property returned. Ex. 1 - Legal Discussion (ECF No. 17-1). The second exhibit contains documents that show the efforts Mr. Andrews made to obtain the return of his property, including writing letters to the cities of West Jordan and Tooele, to his attorneys, and filing motions in State court. Ex. 2 – Documentary Evid. (ECF No. 17-2). He asserts the documents show he has exhausted State remedies. *Id.* at 2. He further attached a comprehensive inventory list for the items he claims were taken. Ex. 4 - Inventory List (ECF No.

17-4).

It is apparent Mr. Andrews expended time and effort to supplement his original complaint. The exhibits were orderly, clear, and consistent about the events related to his personal property. Although Mr. Andrews did not use the word "incorporate," reading the amended complaint liberally, the court concluded the documents were meant to be "added" together and read as one document.[2]  Based on the pleadings, the court concluded Mr. Andrews had "asserted a claim for deprivation of property without due process of law in the form of a takings."  Mem. Dec., at 6 (ECF No. 22) (citing *State v. Davis*, 769 P.2d 840, 843 (Utah Ct. App. 1989) (stating "[t]he state may not retain legally seized evidence indefinitely without filing criminal charges before a *de facto* forfeiture occurs"); *Pinder v. Mitchell*, 658 F. App'x 451, 454, 456 (10th Cir. 2016) (analyzing indefinite seizure of firearms under property rights and takings provisions)).  It therefore ordered the amended complaint to be served on the defendants.  *Id.* at 8.

On July 8, 2020, after being served, the defendants moved for a more definite statement. *See* Motion (ECF No. 29).  Mr. Andrews did not respond to the motion.  Accordingly, on December 22, 2020, the court issued an Order to Show Cause why this case should not be dismissed for failure to prosecute.  Order, at 1 (ECF No. 34).  The court warned Mr. Andrews that the case would be dismissed without prejudice if he failed to respond to the order.  *Id.*

Mr. Andrews responded to the Order on January 11, 2021, and asked for an extension to

---

[2]  Even when his complaints and exhibits were read together, the court concluded Mr. Andrews' first claim failed for unlawful search and seizure. Mem. Dec., 5 (ECF No. 22). The record showed the search warrant was obtained and executed properly. *Id.* Moreover, Mr. Andrews' legal assertions were incorrect. *Id.* Thus, the court dismissed Mr. Andrews' claim for unlawful search and seizure.

prosecute the case until after he is released from prison. Resp. to Order to Show Cause, at 1 (ECF No. 35). He informed the court he expects to be released from prison on May 25, 2021, and that he cannot "really do anything from here." *Id.* He asked for an extension until July 2021 so he would have time to gather information after being released from prison. *Id.*

The defendants filed an opposition to Mr. Andrews' request. They contend Mr. Andrews failed to show good cause for his non-response to their motion. Opp'n to Plaintiff's Resp. to Order to Show Cause, at 2–3 (ECF No. 36). The defendants assert they have been prejudiced by the delays, and that Mr. Andrews has failed to show why a one-year stay is appropriate. *Id.* at 2, 5. Because of the alleged failure to show cause for not prosecuting the case, the defendants ask that the case be dismissed. *Id.* at 5.

Based on the defendants' motion, the court has reviewed the pleadings and other filings in this case. The record contains two inventory lists. One appears to have been drafted by Mr. Andrews and contains a detailed list of clothing, electronics, work-related tools and items, and jewelry. *See* Inventory List (ECF No. 17-4). Another inventory is included in a Tooele police incident report. That list also is detailed, but shorter. The items largely pertain to work-related tools and items. *See* Property Rpt., at 3–12 (ECF No. 12-1).

The record further contains a letter Mr. Andrews received from Captain Adrian Day. It reports:

> On August 8, 2018, I [Captain Day] responded to the residence where the property was seized from and spoke with the home owner. The home owner said he was present when police seized items off his property. He said after police left, he removed other items not seized by police from his property. He assumed the property was [Mr. Andrews and the homeowner] did not want it. I also understand a stolen RV was towed from the property with many items inside.

4

Letter, at 8 (ECF No. 17-2).  From this letter, an issue exists about what items were seized by the Tooele police and what items were left at the relevant property and disposed of by the homeowner.

Besides seeking the return of his property in these proceedings, the court takes judicial notice that Mr. Andrews filed a motion for the return of his property in his State criminal case. During Mr. Andrews' sentencing on September 17, 2019, the State court ordered "THE SHERIFF TO RELEASE ALL OF MR. ANDREWS PROPERTY TO HIS MOTHER PEGGY PETTY." Jdmt., at 2 (Case No. 171300262 in 3rd Dist. Ct., Tooele Cty., Utah) (emphasis in original).

On October 23, 2019, Mr. Andrews informed this court "that some of [his] property has been released to [his] mother."  Correspondence, at 1 (ECF No. 18).  Nevertheless, he asserted "a large ammount [sic] of property has been said, by Tooele police to be 'missing.'" *Id.*  He therefore asked for this case to proceed.  Because the inventory lists differ and not all of Mr. Andrews' personal property was seized by the police, it is unclear if the alleged "missing" property was ever in the possession of the Tooele police.

Also of import is that the record in this case contains no Notice of Claim that is required by the Utah Governmental Immunity Act.

## ANALYSIS

**I.    PROCEEDING IN FORMA PAUPERIS**

Mr. Andrews is proceeding in forma pauperis.  When a plaintiff proceeds in forma pauperis, 28 U.S.C. § 1915(e)(2)(B)(ii) requires a court to "dismiss the case *at any time* if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." (Emphasis added.)  Dismissal, however, may only occur "where it is obvious that the plaintiff cannot prevail

on the facts he has alleged and it would be futile to give him an opportunity to amend." *Webb v. Caldwell*, 640 F. App'x 800, 802 (10th Cir. 2016) (quotations and citation omitted).

In *Pinder v. Mitchell*, 658 F. App'x 451, 452 (10th Cir. 2016), the plaintiffs "sought the return of guns that were seized . . . as part of a murder investigation" of their son. They also sought compensation for the period they were denied possession of their property while their son's criminal case proceeded and was appealed. *Id.*

The Tenth Circuit noted "the Constitution does not outright prohibit states from ever taking a citizen's life, liberty, or property, but only from doing so 'without due process of law.'" *Id.* at 453 (quoting U.S. Const. amend. XIV, § 1)). Thus, "it is necessary to ask what process the State provided, and whether it was constitutionally adequate." *Id.* (quotations and citation omitted). "Only if the State provided no remedies, or the remedies were inadequate, could a plaintiff claim a taking of property occurred without due process of law." *Id.* (citations omitted).

Here, Mr. Andrews filed a motion in his State criminal case for the return of his personal property that was seized. The State court granted the motion and ordered the Tooele police department to return *all* of Mr. Andrews' property. Although the State granted this relief, Mr. Andrews asserts some of his property is missing, and he requests for this matter to continue. Mr. Andrews' request is problematic.

Because Mr. Andrews' inventory list differs from the list created by the Tooele police, it does not appear that the Tooele police ever took possession of all of Mr. Andrews' property. If the Tooele police never took possession of the missing property, then Mr. Andrews has no claim against them. On the other hand, if the property was in the possession of the Tooele police department and lost, then the nature of these proceedings has changed from a procedural due

6

process violation to a negligent loss of property.[3]

In *Daniels v. Williams*, 474 U.S. 327, 328 (1986), the United States Supreme Court stated "[t]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of . . . property." (Emphasis in original.)  In other words, a plaintiff has no cause of action under § 1983 for negligent loss of property.  *McKinney v. Revell*, 364 F. App'x 430, 431–32 (10th Cir. 2010) (affirming dismissal of civil rights claim for lost property because plaintiff did not allege prison staff intentionally caused the loss of plaintiff's property; staff's actions were merely negligent).  Thus, whether the Tooele police never took possession of Mr. Andrews' property or they negligently lost the property, the outcome is the same—Mr. Andrews cannot assert a § 1983 claim against them for the taking of his property without procedural due process.

## II.     SUBJECT-MATTER JURISDICTION

"In the United States, most cases are handled by state courts, not federal courts.  For a federal court to decide a case, it has to have subject-matter jurisdiction."  *Kuri v. Matrix Ctr.*, 647 F. App'x 867, 868 (10th Cir. 2016).  Because subject-matter jurisdiction "involves a court's power to hear a case" courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quotations and citation omitted).

In *Pinder*, the Tenth Circuit noted that a "state may erect reasonable procedural requirements for triggering the right to an adjudication," and one of those requirements is Utah's "notice of claim" provision.  *Pinder*, 658 F. App'x at 456 (quotations and citations omitted).  Utah's "Governmental Immunity Act . . . waives the state's sovereign immunity in . . . 'any action

---

[3]  Mr. Andrews has not asserted any facts to support an intentional loss of property.

brought to recover, obtain possession of, or quiet title to real or personal property.'" *Id.* (quoting Utah Code Ann. § 63G-7-301(2)(a)). "However, it also requires that any person bringing such a claim 'file a written notice of claim with the entity *before* maintaining an action.'" *Id.* (emphasis added) (quoting Utah Code Ann. § 63G-7-401(2)). Such notice must be filed "within one year after the claim arises," or the claim is barred. Utah Code Ann. § 63G-7-402.

Here, the written notice had to be filed with the City prior to Mr. Andrews filing his § 1983 action. The record contains no Notice of Claim; nor has Mr. Andrews asserted he filed such a notice prior to commencing this action. Thus, even if Mr. Andrews could state a procedural due process claim, he has failed to satisfy the conditions necessary for this court to have subject-matter jurisdiction.[4]

### III. *EHRENHAUS* FACTORS

Besides the grounds stated above for dismissal, Mr. Andrews' response to the Order to Show Cause has been challenged by the defendants. The court considers the factors stated in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), to determine if dismissal is warranted for failure to prosecute a claim.

---

[4] Utah distinguishes between claims brought for the return of property, and claims brought for compensation, when the State has deprived a person of property. Claims for the return of property require a written Notice of Claim. Claims for compensation do not because the Just Compensation Clause of Utah's Constitution is self-executing. *Pinder*, 658 F. App'x at 456 (citing Utah Const. art. 1, § 22; *Heughs Land, L.L.C. v. Holladay City*, 2005 UT App 202, ¶¶ 7–8, 113 P.3d 1024)). To the extent Mr. Andrews seeks compensation from the Tooele police for any alleged missing property, that claim must be pursued in State court under the Just Compensation Clause. It is not actionable in this court under § 1983.

### A.     The Degree of Actual Prejudice to the Defendants

The first factor considers the degree of actual prejudice to the defendants. The Tenth Circuit has "recognized prejudice from 'delay and mounting attorney's fees.'" *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) (quoting *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993)). This case has been pending since 2018, but it is still at the pleadings stage. The defendants note that "with the passage of time memories fade, witnesses move away, and evidence in the possession of nonparties may be lost or destroyed." Opp'n to Plaintiff's Resp. to Order to Show Cause, at 5 (ECF No. 36). The defendants filed their motion for a more definite statement in July 2020. Mr. Andrews asked for an extension until July 2021. The case has languished for almost a year to the detriment of the defendants. This factor weighs in favor of dismissal.

### B.     The Amount of Interference with the Judicial Process

The second factor looks at the degree of interference with the judicial process. Mr. Andrews has responded to each order the court has issued. He has provided additional information to correct deficiencies despite being confined in prison. He was diligent in his efforts in State court to obtain the return of his property. Since July 2020, however, Mr. Andrews has not prosecuted this action. Although the court recognizes his earlier efforts, imprisonment cannot justify the present delay. If imprisonment were the standard, every prisoner could seek an extension no matter how long the term of imprisonment is. The delay for almost a year has interfered with the judicial process.

### C.     The Litigant's Culpability

The third factor focuses on the litigant's culpability and whether there was willful non-

compliance or involuntary non-compliance. Willful, in this sense, does *not* mean "'wrongful intent [must] be shown.'" *Villecco v. Vail Resorts, Inc.*, 707 F. App'x 531, 534 (10th Cir. 2017) (quoting *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159 (10th Cir. 2013)). Certainly, the court has seen no wrongful intent by Mr. Andrews.

Nevertheless, Mr. Andrews has not replied to the motion for more definite statement. He asked for a year delay on the basis that his response is hampered due to his imprisonment. The defendants argue, however, the Mr. Andrews has filed many documents while in prison. A motion for more definite statement does not require submission of evidence. Instead, a plaintiff clarifies the cause of action on which the plaintiff is proceeding and the alleged facts that support the claim. Such information should be within Mr. Andrews' knowledge despite being imprisoned. Thus, Mr. Andrews' failure to prosecute the case is not justified.

### D. Court Warning about Dismissal for Non-Compliance

The fourth factor looks at whether Mr. Andrews was warned about possible dismissal. "[N]otice is an important element in the *Ehrenhaus* analysis." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1149 (10th Cir. 2007). Notice does not have to be express. *Id.* at 1150. Instead, notice may be "based upon the totality of the circumstances (most importantly, the trial court's actions or words)." *Id.*

Here, the Order to Show Cause warned Mr. Andrews that failure to respond to the Order may result in dismissal of the case. Mr. Andrews responded, and he did so timely. Although Mr. Andrews responded, he understood that dismissal for failure to prosecute was possible. He asked that the case not be dismissed while he was in prison—that he be afforded the opportunity to gather information after his release. Resp. to Order to Show Cause, at 1 (ECF No. 35). The court

recognizes it is more difficult to gather information while imprisoned. Mr. Andrews has failed to show good cause, however, for a one-year delay.

### E. Efficacy of Lesser Sanctions

The final factor looks at the efficacy of a lesser sanction. Throughout these proceedings, the court has been lenient in affording Mr. Andrews additional opportunities to correct deficiencies in the record. It also liberally construed his amended complaint as a request to incorporate his two complaints together. Although a pro se litigant's pleading are viewed liberally and a preference exists to "decid[e] cases on the merits as opposed to dismissing them because of minor technical defects," a pro se party is still required to "follow the same rules of procedure that govern other litigants." *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1145 (10th Cir. 2004) (quotations and citations omitted). Mr. Andrews has been afforded multiple opportunities to prosecute this case properly and has not shown good cause for his non-response to the defendants' motion.

Because Mr. Andrews is proceeding in forma pauperis, it limits the type of sanction that may be available for failing to prosecute an action. Indeed, "[m]onetary sanctions are meaningless to a plaintiff who has been allowed to proceed in forma pauperis." *Smith v. McKune*, 345 F. App'x 317, 320 (10th Cir. 2009) (citation omitted). Nor would monetary sanctions repair the prejudice to the defendants from the delay.

Finally, the court takes into account the relief Mr. Andrews has received through State remedies. When these factors are balanced together, and the parties' respective interests are considered, the court concludes that dismissal without prejudice is warranted.

## **CONCLUSION**

Pursuant to the court's authority under 28 U.S.C. 1915(e)(2)(B)(ii), the court dismisses Mr. Andrews' § 1983 claim with prejudice for failure to state a claim. Alternatively, the court dismisses this action without prejudice for lack of subject-matter jurisdiction and for failure to prosecute the case.

DATED this 12th day of May, 2021.

BY THE COURT:

Clark Waddoups
United States District Court